UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division – In Admiralty

ATLANTIC SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.                                                                                          Civil Action No. 3:21-cv-00002

BOGDAN ANDREI BINDEA,

    Defendant.

---

BOGDAN ANDREI BINDEA,

    Third-Party Plaintiff,

v.

JOHN UHR,

ASAP INSURANCE AGENCY,

and

USG INSURANCE SERVICES, INC.

    Third-Party Defendants.

**PLAINTIFF'S/COUNTERCLAIM DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO DEFENDANT'S/THIRD-PARTY PLAINTIFF'S COUNTERCLAIM**

COMES NOW the Plaintiff/Counterclaim Defendant, Atlantic Specialty Insurance Company ("ASIC"), by and through counsel, and for its Answer to Defendant's/Third-Party Plaintiff's Counterclaim, respectfully states as follows:

### PARTIES

    1.    Admitted

    2.    Admitted

3. The allegations in Paragraph 3 do not pertain to ASIC and therefore no response is required.

4. The allegations in Paragraph 4 do not pertain to ASIC and therefore no response is required.

5. The allegations in Paragraph 5 do not pertain to ASIC and therefore no response is required.

## JURISDICTION

6. Admitted.

7. Paragraph 7 is a conclusion of law that does not pertain to ASIC and therefore no response is required.

8. Paragraph 8 is a conclusion of law to which no response is required.

9. Paragraph 9 does not pertain to ASIC and therefore no response is required.

10. Admitted.

11. Paragraph 11 is a conclusion of law that does not pertain to ASIC and therefore no response is required.

## OPERATIVE FACTS

12. ASIC lacks sufficient information to admit or deny the allegations in paragraph 12, except it is admitted Bindea is the owner of the M/V BOB ROUSE.

13. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 13, which do not pertain to ASIC.

14. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 14, which do not pertain to ASIC.

15. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 15, which do not pertain to ASIC.

16. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 16, which do not pertain to ASIC.

17. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 17, which do not pertain to ASIC.

18. Denied.

19. Denied as stated. ASIC admits it issued the policy of marine insurance, including P&I and Hull & Machinery coverage attached as Exhibit G, but states that this coverage was issued based on the insurance applications and marine survey, Exhibits D, E, and F to the Complaint, which were incorporated by reference and which Bindea now claims were fraudulent.

20. Admitted.

21. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 21, which do not pertain to ASIC.

22. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 13, which do not pertain to ASIC, except that the Certificate of Insurance was issued without the knowledge or consent of ASIC, does not accurately reflect the contents of the Policy, and which was seen by ASIC for the first time when Bindea filed his Counterclaim.

23. Denied to the extent Bindea claims the insurance policy contains any terms or provisions not reflected in Exhibit G or the applications and survey contained in Exhibits D, E and F to the Complaint. Admitted the Policy attached as Exhibit G to the Complaint shows a policy period from March 20, 2020 to March 20, 2021.

24. Denied as stated. The Policy attached as Exhibit G to the Complaint was delivered to Bindea's agent when it was issued, and Bindea is accordingly presumed to have knowledge of its contents. Bindea has further admitted to having received a copy of the policy when it was issued. Counterclaims and Third-Party Complaint, ¶¶ 8 and 9.

25. ASIC lacks sufficient information to admit or deny the allegations in paragraph 25 as to Uhr, ASAP, or USG. Paragraph 25 is denied as to ASIC inasmuch as the applications, Exhibits D and F to the Complaint, which were submitted to ASIC by Bindea's agent, expressly state first that the Vessel would be operated within the east Coast of Florida and second only in Ft. Lauderdale, Florida, and did not disclose the Vessel would be operated in Haiti.

26. Denied as stated. ASIC has no knowledge as to Bindea's actual knowledge of the contents of the Application or Supplemental Application, but said applications were submitted to ASIC by his agent and with Bindea's actual or apparent authority, and Bindea is presumed to have knowledge of the actions of his agent and is bound by said actions. Admitted that the applications, Exhibits D and F to the Complaint, contain multiple materially false and misleading statements of fact.

27. Denied as stated. ASIC is unable to admit or deny what was known by Uhr, ASAP or USG, but admits the policy it issued, Exhibit G to the Complaint, includes said navigational warranties, and ASIC states further the breach of said warranties are not the sole reasons for which ASIC seeks to deny coverage.

28. Denied as stated. ASIC has no knowledge of the actions of Uhr, ASAP or USG. Bindea received the policy attached as Exhibit G to the Complaint when it was delivered to his agent, and he has admitted receiving a copy of the policy. Counterclaims and Third-Party Complaint, ¶¶ 8 and 9.

29. Denied as stated. ASIC has no knowledge of the actions of Uhr, ASAP or USG, but the policy as issued to Bindea's agent and actually received by Bindea expressly states that coverage would be suspended if the Vessel breached the navigation warranty.

30. ASIC lacks sufficient information to admit or deny the allegations in paragraph 30.

31. Denied as stated. ASIC admits the policy attached as Exhibit G includes the quoted language regarding "Coverage Territory," but the "Coverage Territory" was further limited by the Navigational Warranties contained in the policy.

32. Denied.

33. Denied as stated. ASIC has no knowledge of the Certificate of Insurance, did not create or authorize creation of the Certificate of Insurance, and did not see the Certificate of Insurance prior to receiving the Counterclaims and Third Party Complaint in this action.

34. Denied as stated. ASIC has no knowledge of the actions of Uhr, ASAP or USG. Bindea received the policy attached as Exhibit G to the Complaint when it was delivered to his agent, and he has specifically alleged receiving a copy of the policy when it was delivered to him in Charlottesville. Counterclaims and Third-Party Complaint, ¶¶ 8, 9.

35. Denied as stated, but admitted the Policy attached as Exhibit G to the Complaint includes the language quoted in Paragraph 35.

36. Denied as stated. Bindea received the Policy attached as Exhibit G to the Complaint when it was delivered to his agent, and he has specifically alleged receiving a copy of the policy when it was delivered to him in Charlottesville. Counterclaims and Third-Party Complaint, ¶¶ 8, 9.

37.     Denied. The Application and Supplemental Application, Exhibits D and F to the Complaint, were delivered to ASIC by Bindea's agent with Bindea's actual or apparent authority and expressly state the Vessel would have no more than 3 crew members. Bindea is presumed to know and is bound by the representations and actions of his agent.

38.     ASIC lacks sufficient information to admit or deny the allegations in paragraph 38.

39.     ASIC lacks sufficient information to admit or deny the allegations in paragraph 39, but admits this is consistent with the information reported to ASIC by Bindea's representatives.

40.     ASIC lacks sufficient information to admit or deny the allegations in paragraph 40.

41.     Denied.

**COUNT I: DECLARATION THAT COVERAGE EXISTS FOR THE INCIDENT**

42.     ASIC incorporates its responses to the foregoing allegations by reference as if fully set forth herein.

43.     Admitted.

44.     Denied.  The Navigational Warranties simply narrow the coverage otherwise available under the Policy, but in any event, nowhere does the Policy attached as Exhibit G to the Complaint suggest coverage is available in Haiti.

45.     Denied. The Policy attached to the Complaint as Exhibit G, and which was delivered to Bindea's agent, and which was also delivered to Bindea by his own admission, expressly states coverage would be suspended should the Vessel sail outside the limits in the Navigation Warranties.

46.	Denied as stated. ASIC accepted premiums for the coverage which was requested and which it agreed to provide. ASIC never agreed to provide insurance for a vessel with a crew of 7 operating in Haiti and otherwise operating in violation of US law, and no such coverage exists in the contract of insurance entered into by ASIC.

47.	Denied.  Further, breach of the Navigation Warranties is not the sole reason coverage does not exist under the Policy attached as Exhibit G to the Complaint, and the policy is further void *ab initio*.

48.	Denied as stated. The quoted language is incomplete and intentionally misleading inasmuch as the complete paragraph reads as follows:

> The Vessels is held covered in case of any breach of conditions as to cargo, trade, locality, towage, or salvage activities, or date sailing, or loading or discharging cargo at sea provided **(a)** notice is given to the Under-writers immediately following receipt of knowledge thereof by the Insured *and* **(b)** *any amended terms of cover and any additional premium required by the Underwriter are agreed to by the Insured.*

Exhibit G, at ASIC 0033 (emphasis added).

49.	 Denied as stated. As referenced in paragraphs 13, 14, 15, 25, 39, 52, 62, 63, and 69 of his Counterclaim and Third Party Complaint, Bindea was well aware the Vessel would operate in Haitian waters from before the time he sought coverage for the Vessel, but neither when he applied for a policy of marine insurance nor any time prior to the casualty did Bindea or his agent provide such information to ASIC.

### COUNT II: NEGLIGENCE (ALL THIRD PARTY DEFENDANTS)

50.	ASIC incorporates its responses to the foregoing allegations by reference as if fully set forth herein.

51.	ASIC lacks sufficient information to admit or deny the allegations in Paragraph 51, which do not pertain to ASIC.

52. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 52, which do not pertain to ASIC.

53. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 53, which do not pertain to ASIC.

54. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 54, which do not pertain to ASIC.

**COUNT III: BREACH OF FIDUCIARY DUTY (ALL THIRD-PARTY DEFENDANTS)**

55. ASIC incorporates its responses to the foregoing allegations by reference as if fully set forth herein.

56. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 56, which do not pertain to ASIC.

57. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 57, which do not pertain to ASIC.

58. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 58, which do not pertain to ASIC.

59. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 59, which do not pertain to ASIC.

**COUNT IV:
NEGLIGENT MISREPRESENTATION (ALL THIRD PARTY DEFENDANTS)**

60. ASIC incorporates its responses to the foregoing allegations by reference as if fully set forth herein.

61. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 61, which do not pertain to ASIC.

62. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 62, which do not pertain to ASIC.

63. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 64, which do not pertain to ASIC.

64. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 58, which do not pertain to ASIC.

65. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 65, which do not pertain to ASIC.

66. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 66, which do not pertain to ASIC.

## COUNT V:
## NEGLIGENT FAILURE TO WARN (ALL THIRD PARTY DEFENDANTS)

67. ASIC incorporates its responses to the foregoing allegations by reference as if fully set forth herein.

68. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 68, which do not pertain to ASIC.

69. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 69, which do not pertain to ASIC.

70. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 70, which do not pertain to ASIC.

71. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 71, which do not pertain to ASIC.

72. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 72, which do not pertain to ASIC.

73. ASIC lacks sufficient information to admit or deny the allegations in Paragraph 73, which do not pertain to ASIC.

**WHEREFORE**, Plaintiff/Counterclaim Defendant, Atlantic Specialty Insurance Company, prays the counterclaim be dismissed and that it have its costs, attorneys fees, and such other and further relief as may be just and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. All allegations not expressly admitted are denied.
2. Bindea has failed to state a claim against Atlantic Specialty Insurance Company for which relief can be granted.
3. Bindea, either directly or through his authorized agents fraudulently induced Atlantic Specialty Insurance Company to enter into the written marine insurance contract, a copy of which is attached to the Complaint as Exhibit G, by submitting applications in the form of Exhibits D and F to the Complaint that contained materially false and misleading statements of fact, including the following:
    a. Bindea has been operating vessels for 25 years;
    b. The navigation limits for which coverage was requested was described as the "Area Around Florida" in the first Application, then narrowed to "Ft. Lauderdale, FLA." in the Supplemental Application, Exhibits D and F to the Complaint.
    c. The Vessel would have a crew of 3 persons and no other employees of Bindea or third party personnel would be carried on board the Vessel; and
    d. The signatures on the Applications purporting be the signatures of Bindea are forgeries.

4. Atlantic Specialty Insurance Company expressly relied to its detriment on the false and fraudulent representations set forth above and would have refused to issue any policy of marine insurance to Bindea had it been aware that such statements were false and fraudulent, or had it been aware the M/V BOB ROUSE would be operating in Haiti.

5. Bindea's claim for coverage under the policy is barred by his material breach of the policy and by the doctrine of unclean hands inasmuch as Bindea unlawfully placed the M/V BOB ROUSE, a documented vessel of the United States, under the command of a Haitian citizen in direct violation of U.S. law.  *See* 46 U.S.C. § 8103 and 46 C.F.R. § 15.720.

6. The Policy is void *ab initio* because Bindea breached the duty of utmost good faith owed to Atlantic Specialty Marine Insurance Company under the general maritime law of the United States.

**WHEREFORE**, Plaintiff/Counterclaim Defendant, Atlantic Specialty Insurance Company, prays the counterclaim be dismissed and that he have his costs, attorneys fees, and such other and further relief as may be appropriate.

Respectfully submitted on March 3, 2021.

        **ATLANTIC SPECIALTY INSURANCE COMPANY,**

By:   /s/ David N. Ventker
      Of Counsel

David N. Ventker (VSB No. 29983)
Marissa M. Henderson (VSB No. 44156)
Ventker Henderson, PLLC
256 West Freemason Street
Norfolk, Virginia 23510

Telephone: 757.625.1192
Facsimile: 757.625.1475
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com

*Counsel for Atlantic Specialty Insurance Company*