*IN THE UNITED STATES DISTRICT COURT*
*FOR THE WESTERN DISTRICT OF VIRGINIA*
**Charlottesville Division**

ATLANTIC SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                                    Civil Action No. 3:21-cv-00002

BOGDAN ANDREI BINDEA,

    Defendant, Third-party plaintiff,

v.

USG INSURANCE SERVICES, INC.,

    Third-party defendant.

**MEMORANDUM OF LAW IN**
**SUPPORT OF USG'S MOTION TO DISMISS**

Third-party defendant USG Insurance Services, Inc. ("USG"), by and through counsel, states as follows for its memorandum of law in support of its motion to dismiss the third-party complaint as to USG pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

PERTINENT FACTS

Bogdan Andrei Bindea ("Bindea") engaged third-party defendant John Uhr ("Uhr") to assist him in procuring certain insurance for the M/V BOB ROUSE (the "Vessel"). *See* Third-Party Complaint at ¶¶ 12–14. Bindea claims he told Uhr that the Vessel would be operated in Haitian waters. *Id*. at ¶ 14.

On or about January 27, 2020, Atlantic Specialty Insurance Company ("Atlantic Specialty") received an application for marine insurance purportedly signed and submitted by Bindea. *See* Complaint at ¶ 17 and Exhibits D and E. The application describes Bindea's

experience operating vessels, the area of operation for the Vessel, and the size of the Vessel's crew. Atlantic Specialty requested and, on or about January 30, 2020, received additional information, again purporting to be signed and submitted by Bindea. *See* Complaint at ¶¶ 19–21 and Exhibit F.

Bindea denies that he completed, signed or submitted either the application or the supplemental application or authorized anyone else to do so. *See* Bindea Answer to ¶¶ 17–21 of the Complaint. He agrees with Atlantic Specialty that the application and supplemental application "make materially inaccurate or false statements" regarding the intended operational territory of the Vessel, crew size, and "other matters." Third-Party Complaint at ¶ 26. *See also* Complaint at ¶ 45.

On or about March 20, 2020, Atlantic Specialty issued a policy of maritime insurance to Bindea covering the Vessel, a documented vessel of the United States owned by defendant and third-party plaintiff, Bindea. *See* Third-Party Complaint at ¶¶ 10, 19. *See also* Complaint at ¶ 15 and Bindea's Answer thereto.

The Vessel capsized off the coast of Haiti on or about November 17, 2020. *See* Third-Party Complaint at ¶ 39. Two crewmen were lost at sea and presumed to have perished; five others were injured. All, including the captain, were Haitian citizens. *See* Complaint at ¶¶ 11–12 and Bindea's Answer thereto. Bindea reported the incident to Atlantic Specialty and requested coverage.

Atlantic Specialty filed a Complaint seeking only declaratory relief, specifically, a declaration that its policy of maritime insurance provides no coverage for injuries, death and hull damage to the Vessel stemming from the capsizing event. Atlantic Specialty bases its claim for relief on the inaccuracy of several material facts in Bindea's application and supplemental

application ("the Application Documents") for insurance, including crew size and nationality, identity and experience of the captain, and the Vessel's area of operation. The Application Documents bear a signature purporting to be that of Bindea. *See* Exhibits D and F to the Complaint. Atlantic Specialty alleges that it would not have issued the policy if accurate information on these matters had been presented in the Application Documents. *See* Complaint at ¶ 45.

Bindea does *not* allege in his Answer or in the Third-Party Complaint that insurance of the type and amounts sought would have been commercially available if the information in the Application Documents had been accurate as to crew nationality, crew size and area of operation.

Bindea claims to have suffered damages as a result of USG's alleged actions but has filed a third-party complaint against USG seeking only declaratory relief, specifically a "declaration" that USG "is obligated to pay compensatory damages to Bindea" in the event the Court declares that the Atlantic Specialty policy provides no coverage for the capsizing incident. *See* Third-Party Complaint at Prayer for Relief.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Republican Party of N.C v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the counter-plaintiff. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.,* 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). However, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127

S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

APPLICABLE LAW

**1.      The Third-Party Complaint is Improper**

Rule 14 specifically allows a defendant to "implead" a non-party only when the non-party is or may be *liable* to the defendant for some or all of the defendant's *liability* to the plaintiff. Stated another way, "a third-party claim under Rule 14 can be maintained only if the liability asserted is in some way derivative of the main claim." *Kohl's Dep't Stores, Inc. v. Target Stores, Inc.,* 214 F.R.D. 406, 413 (E.D. Va. 2003); *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.,* 117 F.R.D. 576, 578 (E.D. Va. 1987). In a typical case, third-party practice is limited to claims for contribution or indemnity. A third-party plaintiff must "say [ ], in effect, '[i]f I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third-party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay [the] plaintiff.'" *Watergate Landmark Condo.,* 117 F.R.D. at 578. In its third-party claim, Bindea is asserting a variant of the "it's him, not me" argument, i.e., that it was Uhr, not Bindea, who submitted a false application.

Bindea does not seek contribution or indemnity for liability to Atlantic Specialty. Indeed, as a matter of law, Bindea cannot be "liable" to Atlantic Specialty for damages since Atlantic Specialty does not seek damages. Therefore, there is no derivative "liability" to pass through to USG. Even if Bindea could be "liable" to Atlantic Specialty for declaratory judgment, Bindea does not and cannot allege that USG is "liable" to Bindea for Bindea's "liability" to Atlantic Specialty, that is, that he is only technically or secondarily liable for USG's conduct.

Atlantic Specialty and Bindea agree that the Application Documents "make materially inaccurate or false statements" regarding the intended operational territory of the Vessel, crew

4

size, and "other matters." Third-Party Complaint at ¶ 26. *See also* Complaint at ¶ 45. The thrust of the third-party claim is that Uhr made the false statements without Bindea's knowledge. Even if that's true, it has no bearing on whether Atlantic Specialty is entitled to relief. Stated another way, that Uhr may have filled out and submitted materially incorrect Application Documents without Bindea's knowledge is not a defense or even relevant to the Complaint seeking a declaration of no coverage.

    2.    **The Court Should Exercise Discretion Not to Entertain Bindea's Request for Declaratory Judgment Actions**

In the face of the Third-Party Complaint, Bindea seeks only declarative relief, even though he claims to have incurred damages. A district court may decline to entertain a declaratory judgment claim when it has "good reason" to do so. *Variety Store, Inc. v. Martinsville Plaza, LLC*, 2020 WL 1052525 (W.D. Va. 2020) (citing *Volvo Construction Equipment North America, Inc. v. CLM Equipment Co.*, 386 F.3d 581, 594 (4th Cir. 2004). If, as alleged, USG was negligent or breached a fiduciary duty or negligently misrepresented something causing damages to Bindea, then he has no need of a declaratory judgment action. He can get complete relief in a traditional action at law. "[A] declaratory judgment serves no 'useful purpose' when it seeks only to adjudicate an already-existing breach of contract claim." *Martinsville Plaza,* slip op. at ___ (citing *Torchlight Loan Services, LLC v. Column Financial. Inc.*, 2012 WL 3065929 (S.D.N.Y. 2012). Bindea should not be permitted to split his cause of action so as to make it the subject of serial litigation.

Bindea seeks impermissibly to split his alleged common law cause of action against USG (if he has one) into a "declaration of liability" and some yet-to-be-filed action to recover damages, if he has any. Virginia law does not ordinarily permit "claim splitting." *See e.g., Bill Greever Corp. v. Tazewell National Bank*, 256 Va. 250, 504 S.E. 2d 854 (1998). Here, the

"split" is using this action to attain a "declaration" on USG's liability and, presumably, a second opportunity to seek a judgment on damages. Each cause of action alleged has damages as an essential element. Without damages, there is no cause of action. The element of damages cannot be split off for separate trial. If Bindea does not have damages, his claim is not ripe. If he does, he has an adequate remedy at law in a traditional lawsuit.

    **3.    The Complaint Does Not Allege A Causal Link Between USG's Conduct and Bindea's Alleged Damages**

Bindea complains that Uhr submitted inaccurate, materially false information in the Application Documents. Atlantic Specialty agrees, hence the complaint for declaratory judgment. Missing from Bindea's third-party complaint is any allegation that *accurate* information would have yielded the coverage Bindea sought. Bindea has made no such allegation. Indeed, Bindea alleges that an *accurate* application would have revealed an intention to place the Vessel under command of a Haitian citizen in violation of federal law. *See* 46 U.S.C. §§ 8103, 12131 and 12151(b)(6) and 46 C.F.R. § 15.720. Absent an allegation that accurate Application Documents would have induced Atlantic Specialty or some other insurer to issue coverage of the type requested or that such coverage was commercially available, Bindea has not stated a claim upon which relief may be granted, declaratory or otherwise.

Each of the three claims stated requires a causal link between the alleged misconduct and damages. Negligent breach of a duty is actionable only when it constitutes a proximate cause of the injury. *S & C Co. v. Horne,* 218 Va. 124, 128, 235 S.E.2d 456 (1977). A "proximate" cause is a cause "that, in natural and continuous sequence, produces the … damage. It is a cause without which the … damage would not have occurred." VMJI (Civil) 5.000. Stated another way, damage is proximately caused by the defendant's conduct only if the damage is

"the natural and probable consequence" of the conduct. *Wyatt v. Chesapeake & Potomac Tel. Co.,* 158 Va. 470, 476, 163 S.E. 370 (1932).

The gravamen of Bindea's claim is that he is "damaged" by not having the coverage he requested from Uhr if Atlantic Specialty's policy is deemed not to provide that coverage. In essence, he seeks a "declaration" that USG provide the coverage the requested policy would have provided. *See* Prayer for Relief at (4). For Bindea's claims to be "plausible" as required by the *Iqbal* and *Twombly* line of cases, he must allege that coverage was available in the marketplace for a U.S. documented vessel operating in foreign waters with a foreign captain and crew. *See, e.g., McBride v. Tully Rinckney, PLLC,* 2012 WL 6582538 (W.D. Va. 2012) (motion to dismiss sustained for lack of facts pleaded showing proximate cause); *see also Goff v. Jones,* 47 F. Supp. 2d 692, 697-98 (E.D. Va. 1999)(same). Absent allegations connecting the alleged misconduct of USG to an obtainable policy of insurance, the Third-Party Complaint fails to state a claim upon which relief can be granted.

  **4. General Negligence Claims are Barred by the Economic Loss Rule and Source of Duty Rule.**

Virginia's economic loss rule can be summarized as the proposition that a plaintiff may not rely on a theory of tort negligence to recover economic losses. *Filak v. George,* 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004) ("when a plaintiff alleges and proves nothing more than disappointed economic expectations assumed only by agreement, the law of contracts, not the law of torts, provides the remedy for such economic losses"). This distinction between tort and contract is further bolstered by the source of duty rule, which recognizes that such a distinction would be meaningless if courts deferred to a plaintiff's own mischaracterization of contractual obligations as common law tort duties. The Supreme Court of Virginia explained that "[i]n determining whether a cause of action sounds in contract or tort, the source of the duty violated

7

must be ascertained." *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). In Virginia, common law tort negligence actions are for recovery of damages for injury to one's person or property, not purely economic losses. *See Filak* at 618, 594 S.E.2d at 613.

All of Bindea's claims against USG are styled as common law tort claims and the damages Bindea seeks are purely economic — the economic value of the insurance he alleges Uhr failed to procure. There is no allegation, for example, that USG negligently sank his boat or caused him bodily harm. The Supreme Court of Virginia has pronounced unequivocally that a claim for failure to procure insurance is a claim sounding in and arising solely from contract. *See Filak* at 618, 594 S.E.2d at 613. Bindea brings no such claim. Rather, he brings the very claims rejected by the Supreme Court of Virginia in *Filak*.

> **5.  Negligent Misrepresentation Sounds as a Claim for Constructive Fraud and is Barred by the Source of Duty and Economic Loss Rules.**

In Virginia, a claim for negligent misrepresentation is referred to as one for constructive fraud. *See Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). In *Filak*, the Supreme Court of Virginia addressed the very claim presented here: alleged misrepresentation by an insurance agent to the prospective insured regarding insurance procured. Bindea alleges (without attribution) that the "Third Party Defendants" collectively represented that "they had obtained the type and manner of marine insurance coverages for the Vessel that were necessary to protect the Vessel based on its anticipated area and type of operations." *See* Third-Party Complaint at ¶ 61. In *Filak*, the plaintiff homeowners included a constructive fraud count in which they alleged that their agent "misrepresented the procurement ... of appropriate and adequate coverage, and the terms of the coverage procured." There is no daylight between the allegations in this action and the allegations considered in *Filak*.

8

The Court affirmed the trial court ruling sustaining with prejudice a demurrer to the constructive fraud claim. First, the Court held that the essence of the claim was failure to fulfill a contractual undertaking to procure the type of insurance the George's wanted. Second, the Court held that the agent did not have a common law duty arising out of the parties dealings — including a common law duty underlying a claim for constructive fraud — and that whatever duties the agent may have assumed arose solely from contract. *Filak* at 619–20, 594 S.E.2d at 614.

WHEREFORE, for these reasons, USG requests entry of an order dismissing all claims by Bindea against USG in the Third-Party Complaint.

Dated: April 29, 2021                                             Respectfully submitted,

**USG INSURANCE SERVICES, INC.**

*/s/ James W. Walker*
James W. Walker, Esq. (VSB No. 29257)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
T: (804) 403-7100
F: (804) 237-0250
jwalker@ohaganmeyer.com

*Counsel for USG Insurance Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2021, a copy of the foregoing MEMORANDUM OF LAW was served upon on counsel of record via the Court's electronic filing system.

*/s/ James W. Walker, Esq.*
James W. Walker, Esq. (VSB No. 29257)
