IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**ATLANTIC SPECIALTY INSURANCE COMPANY,**

    Plaintiff,

v.                                                       Civil Action No. 3:21-cv-00002

**BOGDAN ANDREI BINDEA,**

    Defendant, Third-party plaintiff,

v.

**USG INSURANCE SERVICES, INC., et al.,**

    Third-party defendant.

**USG INSURANCE SERVICES, INC.'S
REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

COMES NOW Third-Party Defendant USG Insurance Services, Inc. ("USG"), by counsel, and files this reply to Third-Party Plaintiff Bogdan Andrei Bindea's ("Bindea") Opposition to USG's Motion to Dismiss and in support thereof states as follows:

RESPONSE TO BINDEA'S ARGUMENTS

**I.    A Rule 12(b)(6) Motion is a Proper Mechanism for Seeking Dismissal of an Improper Third-Party Complaint According to the Language of Rule 14 Itself.**

Bindea alleges that USG's Motion to Dismiss should be denied because a motion pursuant to Fed. R. Civ. P. 12(b)(6) is not the "proper mechanism" by which to challenge a Third-Party Plaintiff's Rule 14 practice. Rather, he claims that "the proper mechanism for a party to seek dismissal of [a] Third-Party Demand is a motion to strike or sever pursuant to Fed.

R. Civ. P. 14(a)(4)" claiming USG's Motion should be denied. Third-Party Pl.'s Opp'n to Mot. to Dismiss 8.

It is unclear where Bindea got the idea that a Rule 12(b)(6) motion is an improper means to challenge the substantive basis for of a Third-Party Complaint. This assertion is contradicted by the language of the rule itself and federal court jurisprudence. USG doesn't deny that it *could* have filed a Motion to Strike under Rule 14. But that doesn't negate its ability to move for dismissal under Rule 12(b)(6). A motion to dismiss a third party complaint pursuant to Rule 12 is not improper merely because the applicable substantive law happens to come from Rule 14. *See, e.g., CHS, Inc. v. ABM Healthcare Support Services, Inc.*, 2020 WL 3869571 (W.D. Va. 2020 (Dillon, J.)); *accord Tetra Tech EC/Tesoro Joint Venture v. Sam Temples Masonry, Inc.*, 2011 WL 148964 at *2 (D.S.C. 2011)(granting a 12(b)(6) motion based on Rule 14 principles); *see also E.I. Dupont de Nemours and Co. v. Kolon Industries, Inc.*, 688 F.Supp.2d 443, 465 (E.D. Va. 2009)(granting Rule 12(b)(6) motion to dismiss third-party claim for failure to comply with Rule 14).

**II.     Bindea's Third-Party Complaint against USG is Improper.**

Bindea argues that the Court should allow Bindea's Third-Party claims against USG because "courts have routinely allowed impleader under similar circumstances presented here – namely, when a first-party defendant insured in a declaratory action impleads the insurance brokers and agents that may be liable to him should the first-party plaintiff insurer prevail on the underlying declaratory judgment action." Third-Party Pl.'s Opp'n to Mot. to Dismiss 8. The most that can be said is that *some* courts have allowed the practice for the sake of efficiency, even after acknowledging that allowing the third party practice is at odds with the clear language of Rule 14.

Federal courts in the Commonwealth, however, uniformly reject third party practice unless the third-party plaintiff is asserting derivative liability against the third-party defendant exactly as required by Rule 14. *See CHS, Inc. v. ABM Healthcare Support Services, Inc.,* 2020 WL 3869571 (W.D. Va. 2020) (Dillon, J.); *United States v. Savoy Senior Housing Corp*, 2008 WL 631161 (W.D. Va. 2008)(Urbanski, J.). *Kohl's Dep't Stores, Inc. v. Target Stores, Inc.,* 214 F.R.D. 406, 413 (E.D. Va. 2003); *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.,* 117 F.R.D. 576, 578 (E.D. Va. 1987). In *Watergate*, Judge Ellis described in plain terms when third party practice pursuant to Rule 14 is and is not appropriate:

> "In other words, a third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, "It was him, not me." Such a claim is viable only where a proposed third party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff."

117 F.R.D. at 578.

Atlantic Specialty does not contend that Bindea is liable to it and is not seeking any financial relief. Bindea does not and cannot contend that his non-existent liability is "technical or secondary or partial" or the USG has an obligation to "reimburse" or indemnify him from a loss that is not even at issue in this lawsuit. Rather, Bindea is advancing a variant of the "it was him, not me" argument rejected in *CHS, Watergate* and *Kohls*. According to Bindea, it was Uhr or maybe USG, not Bindea who provided inaccurate information to Atlantic Specialty. Third party practice is simply not permissible.

### III. Bindea's Third-Party Complaint Requests Declaratory Relief.

Bindea argues that any understanding that his Third-Party Complaint seeks only declarative relief is a "blatant misreading" of the pleading, and that the relief sought is plainly

3

not limited to mere declaratory relief. Third-Party Pl.'s Opp'n to Mot. to Dismiss 10. Bindea's Prayer for Relief unambiguously asks the Court to "declare" a finding, not render a judgment for money. If that's not the relief he intended to request, Bindea's counsel know how to seek leave to amend. More importantly, by making clear *now* that the true purpose of the third-party complaint against USG is a money judgment, Bindea also makes even clearer that his claim against USG is not the "pass through" claim Rule 14 allows. Quite plainly, there is no financial loss alleged in the Complaint to pass through. If USG acted improperly in some way and somehow damaged Bindea, then the declaratory relief requested is unnecessary. Complete relief can be afforded by a traditional action at law.

## IV. Bindea's Claims Against USG are Contractual as Pleaded, and Virginia Courts Should Apply Virginia's Contractual Choice-of-Law Rules.

Bindea's factual description of USG's involvement in procurement of insurance is limited to the following: "Uhr and ASAP utilized USG to assist with procuring the marine insurance coverages requested by Bindea…USG was fully aware that it had been utilized by Uhr and ASAP to procure marine insurance and coverages for the benefit of Bindea." Third-Party Compl. at ¶¶ 16, 17. Bindea argues that its claims against USG are tortious in nature. However, the duties that Bindea alleges USG breached can only be contractual if they exist at all.

As the forum state, it is characterization of the claims under Virginia law that controls, not the characterization given by the pleader. In *Ryder Truck Rental, Inc. v. UTF Carriers, Inc.*, 790 F. Supp. 637 (W.D. Va. 1992), the plaintiff/insured moved to amend its complaint against the insurer to add a claim sounding in tort seeking punitive damages for bad faith. Whether to allow the amendment depended on whether the proposed amendment would be futile. The crux of the issue was whether the law of Virginia, Connecticut or New York applied because Virginia does not recognize bad faith by an insurer as a tort but Connecticut and New York do. If

4

Virginia law applied, the amendment was futile. If either Connecticut of New York law applied, it wasn't.

The Court determined that a federal court sitting in diversity would apply the forum state, including its choice of law rules. The Court then noted that a Virginia court would start by applying Virginia law to *characterize* the claim as contract or tort. Because Virginia law characterizes insurer bad faith claims as contract claims, a Virginia court would apply Virginia choice of law rules for a contract case. Because Virginia choice of law rules in contract cases require application of the law of the state where the contract was formed, Connecticut or New York law would apply. Thus the amendment was not futile. The converse would also have been true: If Virginia law characterized insurer bad faith claims as tort claims, a Virginia court would apply Virginia choice of law rules for tort cases. *Id*. at 639.

Under Virginia law, a claim for negligence in the procurement of insurance is definitively a contract claim. *See Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610 (2004). Accordingly, Virginia's choice-of-law rules apply and dictate use of the doctrine of *lex loci contractus*. *See Woodson v. Celina Mut. Ins. Co*., 211 Va. 423, 177 S.E.2d 610, 613 (1970). "Under Virginia law, a contract is made when the last act to complete it is performed, and in the context of an insurance policy, the last act is the delivery of the policy to the insured." *Seabulk Offshore, Ltd. v. Am. Home Assurance Co*., 377 F.3d 408, 419 (4th Cir. 2004).

Bindea alleges that the policy was delivered to him in Virginia. *See* Third-Party Compl. at ¶ 9. Under the doctrine of *lex loci contractus,* delivery of the policy to Bindea in Virginia was the last act necessary to complete the contract, so Virginia law applies, including the economic loss rule.

## V. Bindea's Claim Against USG is NOT for "Property Damage."

The Third-Party Complaint alleged negligence in the procurement of insurance, not negligence causing the Vessel to capsize. The loss at issue is economic. This is decided law in Virginia.

In *Filak,* the plaintiff's dream house burned to the ground – clearly damage to property. The plaintiff's claimed their insurance agent was negligent in procurement and/or negligently represented what coverage was being bound. The Supreme Court of Virginia decided unambiguously that any duty owed by the agent was contractual and that the economic loss rule applied. *See Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.,* 236 Va. 419, 374 S.E.2d 55 (1988). *Sensenbrenner* is even more clear that what is alleged here is a contract claim, not a tort claim for property damage: "Recovery in tort is available only when there is a breach of a duty "to take care for the *safety* of the person or property of another." *Id*. at 425, 374 S.E.2d at 58 (emphasis in original). The Sensenbrenners alleged defective design of a pool, which lead to leaks, which in turn lead to damage to the main house. The Sensenbrenners characterized theirs as a claim in tort because their property was damaged. The 4th Circuit certified a question to the Supreme Court of Virginia whether the loss was property damage or economic loss. The Court unambiguously answered that the Sensenbrenners "allege nothing more than disappointed economic expectations." *Id*.

Bindea's claims against USG are each presented as tort claims. Each is barred by Virginia's economic loss rule and its sidekick, the source of duty rule.

WHEREFORE, for these reasons, USG requests entry of an order dismissing all claims by Bindea against USG in the Third-Party Complaint.

Dated: May 27, 2021                                        Respectfully submitted,

                                           **USG INSURANCE SERVICES, INC.**

                                           __/s/ James W. Walker_____
                                           James W. Walker, Esq. (VSB No. 29257)
                                           O'Hagan Meyer, PLLC
                                           411 East Franklin Street, Suite 500
                                           Richmond, Virginia 23219
                                           T: (804) 403-7100
                                           F: (804) 237-0250
                                           jwalker@ohaganmeyer.com
                                           *Counsel for USG Insurance Services, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of May, 2021, a copy of the foregoing REPLY TO RESPONSE TO MOTION was served upon counsel of record via the Court's electronic filing system.

                                                       /s/ James W. Walker
                                                      (VSB No. 29257)